## BOARD OF SUPERVISORS OF PANOLA COUNTY *v.* P. J. GILLEN ET AL.

MECHANICS' LIEN. *County buildings. Remedies of employees and material-men.*
  Public buildings contracted for by the board of supervisors of a county
  are not subject to the provisions of the statute relating to mechanics'
  liens (Code 1880, c. 53), and the remedies for the different classes
  of persons protected by the act cannot be employed against the
  board.

APPEAL from the Chancery Court of Panola County.

Hon. J. B. MORGAN, Chancellor.

The appellant filed this bill of interpleader against P. J. Gillen, a contractor whom the county owed for erecting a court-house, and the other appellees, who had notified the board that they claimed that Gillen was indebted to them for materials furnished for the building and work done thereon, in order to compel the defendants to contest the matters of controversy between themselves and relieve the county of liability. Gillen demurred upon the grounds, among others, that the complainant's remedy was ample at law under the statute relating to mechanics' liens, and that none of the defendants had any lien, title, or claim in, to, or upon the money, but that the complainant was itself a court with full and exclusive jurisdiction over the subject-matter. The demurrer was sustained and the bill dismissed.

*W. D. Miller,* for the appellant.

No final decision of these conflicting rights could be made by the board of supervisors, whose judicial power extends no further than the allowance of the claim or its rejection ; and, in the latter event, suit may be instituted against the county in the name of the board. Code 1880, § 2175 ; *Lawrence County* v. *Brookhaven,* 51 Miss. 68 ; *Taylor* v. *Marion County,* 51 Miss. 731. Under Code 1880, § 1381, the board would not be relieved at law of a multiplicity of suits by mechanics and material-men, but if it were, a bill of interpleader would lie. *Lehretter* v. *Koffman,* 1 E. D. Smith, 664 ; *Bishop* v. *Rosenbaum,* 58 Miss. 84. Mere stakeholders, like the board

in this case, of a fund on which orders are drawn in the nature of equitable assignments, can maintain such a bill. *Moody* v. *Kyle*, 34 Miss. 506 ; *Hutchinson* v. *Simon*, 57 Miss. 628 ; *Bush* v. *Foote*, 58 Miss. 5.   The fact that Gillen has no lien upon the building does not affect the question, for the remedies of the laborers and persons who furnish materials are independent of the contractor's lien.   County buildings are not subject to execution ; but the county may sue and be sued, and a judgment can be given against the county, and the word " person " in the part of this statute relating to the notice to hold the fund applies to counties.   Code 1880, §§ 13, 1381, 1783, 2175 ; *Rodman* v. *Musselman*, 12 Bush, 354 ; *Bray* v. *Wallingford*, 20 Conn. 416.

*Standifer & Stone*, for the appellees.

Interpleader at law is provided in Code 1880, § 1381, for a case like this, and equity therefore has no jurisdiction.   2 Story Eq. Jur. § 807.   Unless expressly authorized by statute, a mechanics' lien cannot be enforced against the real property belonging to a public corporation.   *Darlington* v. *Mayor*, 31 N. Y. 164 ; *Chicago* v. *Hasley*, 25 Ill. 595 ; *Crafts* v. *Elliotsville*, 47 Maine, 141 ; *Foster* v. *Fowler*, 60 Penn. St. 27 ; *Davenport* v. *Peoria Ins. Co.* 17 Iowa, 276 ; *President* v. *Indianapolis*, 12 Ind. 620 ; *Gue* v. *Tide Water Canal Co.* 24 How. (U. S.) 257 ; *Stewart* v. *Jones*, 40 Mo. 140 ; *Gooch* v. *Gregory*, 65 N. C. 142 ; *Loring* v. *Small*, 50 Iowa, 271 ; *Wilson* v. *Commissioners*, 7 Watts & S. 197 ; *Board of Education* v. *Neidenberger*, 78 Ill. 58 ; *Leonard* v. *Brooklyn*, 71 N. Y. 498.   The notices and claims filed with the board are in the nature of garnishments. Public and municipal corporations cannot be made the subject of garnishment.   The reason given for these decisions is uniformly the same, to wit, public policy.   *Merwin* v. *Chicago*, 45 Ill. 133 ; *Burnham* v. *Fond du Lac*, 15 Wis. 193 ; *McDougal* v. *Board of Supervisors*, 4 Minn. 184 ; *Chicago* v. *Hasley*, 25 Ill. 595 ; *Baltimore* v. *Root*, 8 Md. 95 ; *Chealy* v. *Brewer*, 7 Mass. 259 ; *Bulkley* v. *Eckert*, 3 Penn. St. 368 ; *Mayor* v. *Rowland*, 26 Ala. 498 ; *Hawthorn* v. *St. Louis*, 11 Mo. 59 ; *Erie* v. *Knapp*, 29 Penn. St. 173 ; *Buffham* v. *Racine*, 26 Wis. 449 ; *Hill* v. *La Crosse & Milwaukee Railroad Co.*, 14 Wis. 291 ; *Merrell* v. *Campbell*, 49 Wis. 535 ; *Memphis* v. *Laski*, 9 Heisk.

511. The county cannot be garnished in this manner, and the bill is unnecessary and was properly dismissed.

*Harmon & Abell,* on the same side.

Jurisdiction of the subject-matter of this suit is vested in the board of supervisors, who cannot require the Chancery Court, which is without such jurisdiction, to decide the questions of conflicting rights. The county could not be harassed by a multiplicity of suits, for the statute provides a remedy. Code 1880, §§ 1381, 1384 ; Houck on Liens, § 73 ; Phillips on Mechanics' Liens, §§ 1, 15, 36. No lien can attach to a public building or the land upon which it stands. *Leonard* v. *Brooklyn,* 71 N. Y. 498 ; *Darlington* v. *Mayor,* 31 N. Y. 164 ; *Chicago* v. *Hasley,* 25 Ill. 595 ; *Crafts* v. *Elliotsville,* 47 Maine, 141 ; *Foster* v. *Fowler,* 60 Penn. St. 27 ; *Davenport* v. *Peoria Ins. Co.,* 17 Iowa, 276 ; *President* v. *Indianapolis,* 12 Ind. 620 ; *Gue* v. *Tide Water Canal Co.,* 24 How. (U. S.) 257 ; *Stewart* v. *Jones,* 40 Mo. 140 ; *Board of Education* v. *Neidenberger,* 78 Ill. 58 ; Herman on Executions, § 364. No execution can be issued or judgment rendered against a county. *Emeric* v. *Gilman,* 10 Cal. 404 ; *Randolph County* v. *Ralls,* 18 Ill. 29 ; Phillips on Mechanics' Liens, §§ 179, *et seq.* 459 ; *Brinckerhoff* v. *Board of Education,* 37 How. Pr. 499 ; *Williams* v. *Controllers,* 18 Penn. St. 275 ; *Wilson* v. *Commissioners,* 7 Watts & S. 197 ; *Poillon* v. *New York,* 47 N. Y. 666 ; *Dunn* v. *North Missouri Railroad Co.,* 24 Mo. 493 ; 2 Dillon Mun. Corp. 577. If the laborers and material-men have a charge upon the·fund, it is in the nature of garnishment, and public corporations and officers are not subject to be garnished, no such authority existing by any special statute in this State. *Memphis* v. *Laski,* 9 Heisk. 511 ; *Wallace* v. *Lawyer,* 54 Ind. 501 ; *Merwin* v. *Chicago,* 45 Ill. 133 ; *Chicago* v. *Hasley,* 25 Ill. 595 ; *Burnham* v. *Fond Du Lac,* 15 Wis. 193 ; *Erie* v. *Knapp,* 29 Penn. St. 173 ; *Chealy* v. *Brewer,* 7 Mass. 259 ; *Divine* v. *Harvie,* 7 Mon. 439 ; *State* v. *Baltimore & Ohio Railroad Co.,* 12 Gill & J. 399 ; *Merrell* v. *Campbell,* 49 Wis. 535 ; *Buffham* v. *Racine,* 26 Wis. 449 ; *Hill* v. *La Crosse & Milwaukee Railroad Co.,* 14 Wis. 291 ; *Dobbins* v. *Orange Railroad Co.,* 37 Ga. 240 ; Drake on Attachment (4th ed.), § 516 and note. These statutes·are *in pari materia,* and the whole law must be construed

together as forming one entire system.    Houck on Liens, § 72.
To reach the conclusion that public buildings cannot be sub-
jected to the mechanics' lien, the courts have been driven by
public policy to construe "any building " to mean " any build-
ing except public buildings," and it would not be going too
far in this case to construe " the owner " to mean " the owner
except a public corporation."    If the same reasons exist, as
we insist, then the same construction must follow *a fortiori*,
because precedent is now added to reason.

CAMPBELL, J., delivered the opinion of the court.

The paramount question in this case is, whether, under
" An Act in Relation to the Lien of Mechanics," Code 1880,
c. 53, public buildings contracted for by the board of super-
visors of a county are subject to the lien provided for by said
act, and whether the remedies it provides for different classes
of persons may be employed against the board of supervisors
of a county.    If such public buildings are not embraced in the
act, and the remedies it gives are not available against a board
of supervisors, this bill is not maintainable, for its foundation
is the assumption that persons who furnished materials used,
and persons employed by the contractor in the erection of the
court-house, had the right, created by § 1381 of the Code of
1880, to give notice to the board of supervisors of the amount
due them, so as to bind it in the hands of the board, and to
authorize the further proceedings authorized by that section.
If this assumption is not correct, the bill is demurrable, for, if
the notice given to the board of supervisors of the amount due
them by the several persons who claim to be paid out of the
money due the contractor, did not bind the money in the
hands of the officers of the county or oppose any legal obstacle
to payment of the money due to the contractor from the
county, this suit was improperly brought.    In that view it
seeks protection not needed, and asks relief from an evil that
is not real, but imaginary.

It is clear that the public buildings of a county are not sub-
ject to a mechanics' lien, and cannot be sold to satisfy the
demand of the mechanic or material-man.    The terms of the
law exclude the idea of the liability of such public buildings

to the lien it creates, and show that the houses and other buildings of private owners are meant. The provision that the lien shall attach to the land whereon it stands, &c., excludes public buildings, for it would hardly be contended that the site of the court-house of the county should be subject to a mechanics' lien, the enforcement of which might deprive the county of the seat of justice established by law. The section of the act creating the right in persons having demands against the contractor to give notice thereof, so as to bind the money due the contractor, requires the notice to be given " to the owner of such building," and speaks of " suit against the owner," and of the " owner" being made a party to a suit against the contractor. The board of supervisors is in no sense the owner of the public buildings of a county. The act further provides for a general judgment, to be entered against the defendant, who has been actually served with process, with a special order for the sale of the property on which the lien exists, and for an execution for the residue unpaid, after the sale of the property ; which is inapplicable to a county. We conclude that the several sections of the act are parts of a whole dependent on each other, and that the buildings meant by the expression " such building " used in § 1381 is one subject to the lien created by § 1378, and, as the public buildings of a county are not subject to a lien, they are not included in § 1381, and that the notice of their demands against the contractor given by different persons did not bind the money due the contractor or present any legal reason for withholding it from him at the instance of such persons, and therefore the bill is not maintainable. We have not considered the particular ground on which the demurrer was sustained by the Chancellor, because the question we have discussed overrides all others in the case, and is directly presented by the demurrer.

*Decree affirmed.*