McGraw v. Board of Sup'rs of Winston County.

[87 South. 897, No. 21378.]

1. HIGHWAYS. *Balance due contractor not subject to lien under statute by filing claim with board of supervisors.*

The public roads and property of a county are not subject to the lien created under section 3074, Code of 1906 (Hemingway's

· Code. section 2434), in favor of laborers and subcontractors. and by filing with the board of supervisors a notice, claiming . a lien on the balance in the hands of the county authorities to the credit of the principal contractor of such roads, a subcontractor can acquire no lien on such balance.

2. HIGHWAYS. *Mandamus. Adjudicated balance due road contractor assignable; assignee of road contractor may compel issuance of warrant for balance on contract.*

When a contractor has construed public roads in a county or subdivision thereof, and such roads have been completed and accepted, and the balance due such contractor for the construction of the roads has been finally adjudicated by the board of supervisors, and there only remains the duty of ordering the issuance of a warrant for this balance, the contractor may assign this balance due to him, and the assignee thereof may maintain mandamus to compel the board of supervisors to issue to him a warrant for the balance so assigned.

APPEAL from circuit court of Winston county.
HON. T. L. LAMB, Judge.

Application for writ of Mandamus by J. D. McGraw against the board of supervisors of Winston county to compel the issuance of a warrant for a payment of money. From a judgment of dismissal petitioner appeals. , Reversed and remanded.

*Jones & Jones,* for appellant.

The issuance of a warrant or order upon a claim properly audited and allowed by the board of supervisors is usually regarded as a ministeral duty, which may be enforced by mandamus. 26 Cyc., 315; *Kelly* v. *Wimberly,* 61 Miss. 548.

The circuit court has unquestioned authority to require subordinate judicial officers to perform any plain duty imposed by law. The writ of mandamus may issue to require a subordinate court to carry into effect its own order, 18 R. C. L., paragraph 245. Mandamus will not lie to require a court to determine a discretionary matter in a particular way unless there has been an arbitary exercise of discretion. *Clarke* v. *West,* 198 S. W. 1111.

Mandamus does not lie to control judicial discretion, except when this discretion has been abused; but it may be used as a remedy where the case is outside that discretion and outside the jurisdiction of the court, etc. *Virginia* v. *Rivers,* 100 U. S. 313, 24 L. Ed. 667.

When the board of supervisors passed an order on the first Monday of July, 1917, it had reached the limit of its discretionary power, and having there audited and allowed F. D. Harvey & Company in payment of the matter adjudicated, and this they did in fact until it came to McGraw's assignment or order, whereupon it arbitrarily refused to issue to McGraw its warrant for moneys held in the treasury of the county for this purpose, because it appeared to it that F. D. Harvey & Company owed other debts the members of the board preferred to see paid.

The case of *Hendrix* v. *Johnson,* 45 Miss. 644, cited by appellee was one wherein the board of supervisors audited and allowed an account ordered a warrant issued upon the treasury, and the treasurer refused to honor the warrant, the circuit court ordered the writ of mandamus to issue, and the treasurer appealed the case to the supreme court upon a bare record of the pleadings, and the supreme court very properly held in the language quoted by appellee. It is in no way analogous to the case here, as this case comes before this court, with a full record, disclosing every matter having a bearing upon the case, and a reading of the record will disclose in detail the exact *status* of this case.

In the case of *Portwood* v. *Montgomery County,* 52 Miss. 523, the board of supervisors exercised its discretionary power in refusing a claim when presented, and the relator had his day for an appeal from such refusal. It differs from the instant case in that the board of supervisors considered the claim of F. D. Harvey & Company, audited same and allowed it, and McGraw stands in the same position exactly as F. D. Harvey & Company did with a judgment, which the board of supervisors have already exercised a discretionary power and allowed, but,

now having allowed it refuse to pay it.   The order of the
board of supervisors is a judgment of a competent court,
with jurisdiction.   All McGraw could have obtained would
have been another judgment, and upon presenting an ap-
peal to the circuit court, upon a review of the record, the,
appeal would, and should, have been dismissed, as there
was already a judgment in the case.

In the case of *McHenry* v. *State*, 91 Miss. 562, 44 So. 831,
mandamus is declared to be an extraordinary writ, and
this is true, and when the party aggrieved has his remedy
by appeal, or by a suit at law, he cannot resort to this
remedy, but this course is the only course the relator in
this cause has a right to or may exercise.   If he had ap-
pealed, as above stated from the order of the board, and
the court seeing the order allowing F. D. Harvey & Com-
pany the money claimed, would have dismissed the appeal
as *res adjudicata.*

I do not seem able to identify the case cited by counsel
for appellee in 63 So. 608, but under section 717, Code of
1906, also section 496, Hemingway's Code, declares the as-
signee of any chose in action may sue and recover on the
same in his own name if the assignment be in writing, and
the assignment from F. D. Harvey & Company being in
writing, warrants McGraw bringing this action in his own
name.

The appellee can claim no analogy between the case of
*Foote* v. *Board of Supervisors*, 67 Miss. 156, and the case
of *McGraw* v. *The Board of Supervisors*. In this case Foote
held an equitable assignment of a portion of a fund in
the hands of or subject to the disposal of the board of
supervisors, owing by the board to one Gilmore.   Gilmore
died and his administrator claimed the entire fund, and
several other creditors of Gilmore presented orders there-
on.   The court very tersely declared that Foote did not
sustain such a relation to the board as would entitle him
to a writ of mandamus.

In view of the facts of this case, and the law applicable
thereto, it is our contention that an order should be made

requiring McGraw to return the money to the treasurer of Winston county, and the writ of mandamus granted ordering the board to issue a warrant to J. D. McGraw, in accordance with his written assignment from F. D. Harvey & Company.

*Z. A. Brantley* and *Edward M. Livingston,* for appellees.

We submit that the circuit court was eminently correct in the first and second grounds for refusing to grant the writ, because the uncontroverted testimony shows that the money in question in this litigation was in the hands of J. D. McGraw at the time of trial of this case, and there was no money in the treasury of the county out of which this claim could have been paid.

That the appellant, J. D. McGraw executed a bond in the sum of $——— which was accepted by the board of supervisors and a warrant for the amount issued in favor of McGraw under the provisions set forth in said bond; that the said McGraw should return the amount of said warrant to the board of supervisors in case it was determined that the said McGraw was not entitled to the same in preference to the said sub-contractors.

We think the clause in the contract which is as follows: "The contractor shall indemnify and save harmless the road commissioners, the county and municipality through which the road shall run from all suits or actions," is sufficient to warrant the third ground of the court's refusal to grant the writ. In addition to the above, the specifications provide that the contractor shall discharge all liens, if any, before final settlement is made with the contractor by the commissioners and board of supervisors.

We submit that upon a construction of the contract and bond of the contractor as a whole the third ground of the court's refusal to grant the writ is correct.

In support of the fourth ground assigned by the lower court in refusing the writ we submit that under the terms

of the contract with the highway commissioners and the contractors, F. D. Harvey & Company, that the work of constructing the highway in certain townships as provided by the terms of said contract is not a public work of the county but a special improvement and being a special improvement the sub-contractors therefore have a lien for their work after notice thereof, and the appellant, J. D. McGraw, accepted the assignment from Harvey & Company with notice of the outstanding claims of the sub-contractors who constructed the roads which are now being used by the county.

The appellant, McGraw, should have appealed direct from the order of the board of supervisors rejecting his claim, and failing to follow up his remedy at law, a mandamus will not be awarded. Mandamus is an extraordinary writ and will not be granted except in extreme cases where there is no adequate remedy at law, but in this case the appellant had ample remedy at law and should have availed himself of the same.

"The right to mandamus rests in the legal discretion of the court, and in the absence of facts to enlighten this court on all the points upon which the lower court acted upon, its discretion will not be reviewed, and where it has acted upon a full knowledge of all the circumstances, this court, upon all the points upon which the lower court acted, will presume the lower court acted correctly. *Hendricks* v. *Johnson,* 45 Miss. 644.

One having a claim against the county which is rejected by the board of supervisors must either appeal from the order or sue the county and obtain a judgment upon his claim before he can maintain mandamus to compel payment. *Portwood* v. *Montgomery County,* 52 Miss. 523.

"Mandamus is an extraordinary writ and is not to be resorted to when the purpose sought to be accomplished by it can otherwise reasonably be accomplished. *McHenry* v. *State,* 91 Miss. 562, 44 So. 831. After the refusal by the board to issue the warrant there was only one course left open, viz., a suit at law, 41 Miss. 236.

In conclusion we submit that in case the court should hold that mandamus is the proper remedy in this suit then we submit that the appellant, McGraw, is not the proper party to maintain the suit, but F. D. Harvey & Company, the original contractors with the highway commissioners, there being no contract existing between the highway commissioners and appellant, McGraw, and McGraw not being a party to the contract, the suit should have been brought in the name of F. D. Harvey & Company for the use and benefit of J. D. McGraw.   63 So. 608.

We further submit that the case of *H. W. Foote* v. *The Board of Supervisors of Noxubee County,* reported in 67 Miss. 156, supports the contention of the appellee in this case.

In view of the facts in this case we think the opinion of the lower court should be affirmed, and J. D. McGraw ordered to refund or repay the money in question to the treasury of the county, and the board of supervisors directed to pay the money over to the various sub-contractors as their respective interests appear.

W. H. COOK, J., delivered the opinion of the court.

Appellant, J. D. McGraw, filed a petition in the circuit court of Winston county, praying for the issuance of a writ of mandamus requiring the board of supervisors to issue to him a warrant for the sum of one thousand three hundred sixty-one dollars and twenty-five cents, and from a judgment dismissing the petition, this appeal was prosecuted.

The facts as developed on the trial of this petition were substantially as follows:  In the year 1916, under the provisions of chapter 176, of the Laws of 1914, a road district was formed of a portion of Winston county.  Commissioners were appointed, and a contract entered into between the commissioners and F. D. Harvey & Co., a copartnership composed of F. D. Harvey and H. E. Harvey, for the construction of certain roads in the district.  The con-

tractors executed a bond conditioned for the faithful performance of the contract and proceeded with the work of constructing the selected roads.  During the progress of the work, various links of the road were sublet, and prior to the July, 1917, meeting of the board of supervisors, the work was completed in accordance with the terms of the contract and to the entire satisfaction of the commissioners.  At the July meeting of the board of supervisors the commissioners submitted to the board a report to the effect that the roads of the district had been completed according to the terms of the contract and had been accepted by them as finally completed, and that they were indebted to F. D. Harvey & Co. in the sum of eleven thousand one hundred twenty dollars and ninety-two cents, and requesting the board of supervisors to accept the roads finally and treat the report as a final settlement.  Thereupon the board of supervisors adopted the following order:

"Came on to be considered the final acceptance of the good roads in the above-named district with F. D. Harvey as contractor, and on recommendation of the commissioners, to wit, W. C. Hight, A. S. Harris, and I. A. Sanders, commissioners, for the said district, that the said contractor F. D. Harvey had fully complied with said contract and that said road had been completed in all respects according to the plans and specifications adopted by the said commissioners, and that he, the said F. D. Harvey, was entitled to a final settlement on said roads, and the board, after being fully advised in the premises and being satisfied that the said commissioners and the said contractor had fully complied with the law in the construction of the said roads, and that the plans and specifications adopted in the construction of said roads had been carried out according to contract, it is therefore ordered by the board that the report of the said commissioners be, and the same is hereby, adopted and ratified, that said roads be fully accepted as being completed, and that the said F. D. Harvey and his bondsmen on his said contract be, and they are hereby, discharged and released from any further lia-

bility on his said contract as said contractor and in the construction of the said roads, and they and each of them are hereby discharged from any and all further liability in connection with the construction of said roads."

It further appears from an entry on the minutes of the board of supervisors that the contractor, F. D. Harvey & Co. authorized the board to pay a certain portion of the balance due them to certain subcontractors, but there was a disagreement as to the amount due these various subcontractors, and the board withheld the sum of one thousand three hundred sixty-one dollars and twenty-five cents of the balance due the contractor, and entered on its minutes the following order:

"Came on to be considered the matter of final settlement between F. D. Harvey and the subcontractors in the above named districts in said county and state; and it appearing to the board that the said F. D. Harvey had prepared and filed a certain statement with the clerk of said board admitting certain amounts of indebtedness to certain subcontractors therein named, and authorizing that said amounts therein named as being due the parties therein named. be paid by the clerk on order of said board, and it further appearing to the board that there is a difference between the said F. D. Harvey and the subcontractors as to the whole amount due the said subcontractors by the said F. D. Harvey on the various amounts of work done on the said road, that is to say, the said F. D. Harvey is charging the said subcontractors for work of an extra engineer on said roads or in the construction of the said roads; and it appearing that the said subcontractors are denying liability for said extra work, and have filed with said board a legal notice claiming a lien on said work for the full amount due on said roads exclusive of any extra engineering service: It is therefore ordered by the board that the clerk of said board be, and he is hereby, authorized to issue to the said subcontractors named in the estimate furnished by the said F. D. Harvey to the said board warrants to be paid out of the good roads fund

now on hand in said good roads district; and, the same being funds derived from the sale of bonds in said good roads district in the amounts shown to be due said contractors by said F. D. Harvey, it is further ordered by the board that the amounts claimed by the said F. D. Harvey against the said subcontractors for the work of extra engineering, the same being now on file with said board and claimed by the various said subcontractors, and for which they claim a lien on the construction of said roads, be, and the same is hereby, held in abeyance, and the clerk of this board is hereby authorized and instructed to make an itemized account of said claims, and hold the same against the good roads funds in said district until said matter is finally settled and determined between the said F. D. Harvey and the said subcontractors, and in the event they fail to settle said controversy the same to await a judicial determination."

At the July meeting of the board of supervisors the various subcontractors who were claiming a balance against Harvey & Co. also filed with the board a written notice of their claim for this balance, and claiming a laborer's lien on the public roads for said sum, and demanding that this balance be deducted from any sum due Harvey & Co.

It further appears that during the progress of the work of constructing the roads the contractor, Harvey & Co., had become indebted to appellant, J. D. McGraw, for supplies furnished, and for which the said Harvey & Co. had executed a promissory note. In August, 1917, this note was placed in the hands of an attorney for collection, and in settlement thereof Harvey & Co. executed to appellant a written assignment of the balance of one thousand three hundred sixty-one dollars and twenty-five cents due them by the board. At the September meeting of the board of supervisors, appellant presented this assignment to the board, and demanded the issuance of a warrant for this balance. This demand was refused, and the board entered an order in the language following:

"Came on to be considered the petition of J. D. McGraw, showing an assignment of F. D. Harvey & Co. of certain money, to wit, the sum of one thousand three hundred and sixty-one dollars and twenty-five cents, claimed to be a balance due the said F. D. Harvey & Co. for road work in district No. 1, township 14, range 12, and 15—12; said petition reciting that the said board of supervisors now held and retained in their hands or in the county treasury the said sum of money, the same belonging to F. D. Harvey & Co., and asking the board to issue a warrant on the said treasury for said amount in favor of J. D. McGraw.

"The board, after considering the same, is of the opinion that the said sum assigned belongs to certain road contractors in said road district, and is not the property of the said F. D. Harvey & Co., and under the law and under his contract with the road commissioners in said district he had no authority to assign said money; that according to statement filed with said board on the first Monday in July, 1917, by the said F. D. Harvey & Co. they have failed to pay the amounts due all contractors on said road work, and that his said contract with the road commissioners of said road districts provides that before they shall be paid in full all claims for work done on said roads must be discharged and met and paid.

"It further appearing to the board that they had been served by certain subcontractors with notice of certain amounts due them for road work, the same being admitted by the statements filed by the said F. D. Harvey & Co. with the said board, it is therefore ordered by the board that the petition and assignment in favor of J. D. McGraw be, and the same is hereby, disallowed, and the claim denied."

On the 5th day of November, 1917, the various subcontractors who were claiming a balance due them for labor performed on the public roads of the county filed in the justice court an ordinary action on open account against F. D. Harvey & Co., and procured the issuance of writs of garnishment against the board of supervisors. The

summons for the defendants, F. D. Harvey and H. E. Harvey, was attempted to be served by publication in a newspaper and by sending the process to the sheriff of Attalla county, where it was served personally on H. E. Harvey. The board of supervisors answered these alleged writs of garnishment, and on December 17th the justice of the peace entered judgments in favor of the board of supervisors and against Harvey & Co. The petition for mandamus requiring the board to issue the warrant to appellant was filed on the 5th day of December, 1917.

The holding of the lower court, and the contention of counsel for appellee, that the work of constructing public roads in a district or subdivision of a county was not a public work of the county, but a special improvement, and for that reason, by filing a notice with the board of supervisors, the subcontractors acquired a laborer's lien on the public roads of the district, cannot be maintained. It is perfectly clear that the public roads which were constructed in the subdivision of the county were public roads of the county. The public roads and property of a county are not subject to the lien created under section 3074, Code of 1906 (Hemingway's Code, section 2434), in favor of laborers and subcontractors, and by filing a notice with the board of supervisors claiming a lien the subcontractors acquired no lien on the funds in the hands of the county authorities. *Board of Supervisors* v. *Gillen,* 59 Miss. 198.

At the date of the execution of the assignment to appellant the road work had been completed and the roads accepted; the contractor, Harvey & Co., had been finally discharged by order of the board of supervisors; the balance due the contractor had been finally adjudicated by the board, and there only remained the ministerial duty of ordering the issuance of a warrant for this balance. The balance due the contractor had not been impressed with any sort of lien, and Harvey & Co. was free to assign this balance to appellant in payment of any indebtedness which the company then owed to him. The assignment executed

to appellant was valid, and upon filing this assignment with the board of supervisors he was entitled to have a warrant issued to him for the balance which had previously been adjudicated as due the contractor, and upon the refusal of the board to allow his claim and order the issuance of the warrant therefor, appellant, as assignee of Harvey & Co., was entitled to maintain a petition for a writ of mandamus compelling the issuance of the warrant.

Since the proceedings which were begun by the subcontractors in the justice court were filed long after the balance due the contractor had been assigned to appellant, no right which might have been secured by such proceedings, if valid, would avail to defeat the prior rights of the assignee, appellant here. For this reason it will be unnecessary to discuss in detail the many defects in the proceedings in the justice court which rendered the judgments there entered invalid.

It appears from the evidence, as well as from the briefs of counsel, that at some stage of the proceedings in the court below some kind of an order was entered by the court, directing that the balance claimed by appellant should be paid over to him upon the execution of a bond to repay it when ordered by the court to do so, and that in pursuance of this order appellant executed the required bond and received the money. This order and bond do not appear in the record, and we are unable to determine the exact nature of the order or the authority of the court to make such an order. The money in question having already been paid to appellant by the board of supervisors, it may be that, since we hold that appellant was entitled to receive this balance, and that, at the time he filed his petition herein, he was entitled to maintain the proceedings for a writ of mandamus to require the issuance of the warrant therefor, it would now be useless to issue the writ requiring that to be done which has already been done. We are unable to determine the exact *status* of this matter, for the reason that the order and

bond under which the payment was made are not before us, but, in any event, we conclude from such evidence as is in the record that the court has full power to require that the money be repaid into the county treasury to await such orders as may be entered by the court in reference thereto. This cause is therefore reversed and remanded for further proceedings not inconsistent with the views herein expressed.

*Reversed and remanded.*