McKinnon, County Superintendent of Education, *v.* Gowan Bros.

[90 South. 243.  No. 22164.]

1. Schools and School Districts. *Donated land conveyed to trustees for county high school is conveyed to county, and dormitory thereon is school property.*
   Where donated land is conveyed to trustees for county high school purposes, it is a conveyance to the county and is public property, and a dormitory thereon is school property.
2. Evidence. *Mechanic's liens. Schools and school districts. Lien cannot be enforced against agricultural high school building; no judgment against trustees of county high school for building construction when no funds furnished for purpose; contractors are presumed to know the law governing liens.*
   A materialman's or mechanic's lien for construction or repairs cannot be enforced against an agricultural high school building belonging to the county, nor can a money judgment be obtained against the trustees in their official capacity, where no funds for the particular purpose have been furnished them.
   127 Miss.—35.

APPEAL from circuit court of Attala county.

HON. T. L. LAMB, Judge.

Suit by Gowan Brothers against F. R. McKinnon, county superintendent, and others, to enforce a mechanic's lien against a school building. Judgment for the plaintiffs, and the defendant appeals. Reversed and dismissed.

*Dew & Guyton,* for appellant.

The first point raised by the demurrer in this case is that the buildings on which the lien is claimed are shown to be, by the declaration the property of the Attala Agricultural High School, and sought to be paid for by the Boards of Supervisors of said county by tax levy on the property of said county. If these buildings are to be paid for out of public funds, it is very clear that they are public buildings belonging to the county of Attala, and are therefore not subject to a mechanic's lien, and can not be sold to satisfy the demand of a mechanic or material man. The land on which these buildings stand is likewise public property and not subject to the mechanic's lien. *Board of Supervisors of Panola County* v. *P. J. Gillen et al.,* 59 Miss. 198. The appellees seek to establish a lien on dormitory Number 1, with its five-acre lot of land and a lien on dormitory Number 2 with its seventeen-acre lot of land as described in the petition and yet the petition shows that both of these buildings are located in the unincorporated village of McAdams. If the lien is fixed on the entire lot of land, the building must be located in a municipal corporation as defined by sections 3058 and 3299 of the Code of 1906. The petition seeks a lien on the entire lots of land and the judgment fixes the lien on one acre only on which each building stands. Section 3299 defines a village as being a municipal corporation having less than 300 inhabitants. Section 3508 provides that if such house building, structure, or fixture be in a city, town or village, the lien shall extend to and cover the entire lot of land on

which it stands and the entire curtliage thereto belong; or, if not in a city, town or village, the lien shall extend to and cover one acre of land etc.  The village referred to here in this section, surely means an incorporate village. The specific acres of land sought to be condemned is not set out in the petition but the whole lots of land are included in the descriptions set out in the petition or declaration.

3.  The demurrer of appellants further shows that the appellees charge in their declaration that the buildings of the Attala County Agricultural High School described as dormitory Number 1, and dormitory Number 2 were accepted and approved by the three trustees named therein and that these trustees recommended the payment of the account amounting respectively to one thousand, six hundred forty-four dollars and twenty-two cents and three thousand, three hundred six dollars and nineteen cents to the board of supervisors of said county, but they failed to show whether these accounts have ever been actually filed with the board of supervisors, and whether said board was allowed or not allowed said account.

4.  We submit further that the declaration in this case fails to show that the plans for the buildings have ever been approved by the state board of education as provided for in section 3425, Hemingway's Code; and that no record is shown by the minutes of the board of trustees, of plans and specifications for said buildings have ever been made by anyone; or that advertisement was duly made and bids submitted and contract let to the lowest bidder; and fails to show any minutes orders or record of any kind by the trustees of said Agricultural High School; and fails to show any legal right or authority by which the trustees of said Agricultural High School could bind Attala county through its board of supervisors to pay accounts amounting to over five thousand dollars.  The mere statement that these three members of the board of trustees of the Attala County Agricultural High School made a verbal contract

with Gowan Brothers for the construction of these build-
ings is not sufficient, and before the said trustees could let
a contract for the construction of these public buildings,
further jurisdictional facts would have to be affirmatively
shown before the county of Attala could be made to pay
the accounts sought to be collected. The declaration itself
states that the board of trustees had no funds with which
to pay for these public buildings and that the board of
supervisors has failed to pay the accounts. The board of
supervisors has not been made a party to the suit and have
no authority under the pleadings in this case to allow this
account.

The demurrer should have been sustained and the peti-
tion dismissed.

It is further shown by the demurrer that there is no
law of the state of Mississippi authorizing suits against
the trustees of an Agricultural High School, chapter 122
of the Laws of Mississippi of 1910, which provides for the
establishment of one or more Agricultural High Schools
for each county and the appointment of trustees for such
schools, makes no provision that the trustees of an agri-
cultural High School as agencies for same, whereby they
can sue or be sued as a body, politic or agency for the
Agricultural High School. In *Mississippi Centennial Ex-
position Co.* v. *Luderbach et al.,* (*First Nat. Bank of Gulf-
port, Garnishee*) reported in 86 Southern, page 517, at
section 2, we find the following language by this court: "It
is familiar learning that the state and its subdivisions
and agencies are not subject to suit unless made so by
statutes; and the statute, where a statute exists, is the meas-
ure of the power to sue such board or agency."

And for each of the errors assigned in this brief and in
the assignment of errors filed in this case, which are all
submitted without further argument, the appellants re-
spectfully submit that the demurrer in this case should be
sustained.

*Thomas Land,* for appellees.

The buildings are not public buildings, the state has no control of them and can at any time have their support withdrawn and it is with the superintendant of the state whether he withdraws, if he deems it improperly taught. There is no statute for the state to help construct these buildings.

2.   They are not county buildings, because the county cannot appropriate money for their erection or to relieve them of debt, if the majority of the voters of the county oppose by ballot the levy; they may levy a tax under the law of 1920, to levy a tax, if ten per cent of the legal voters of the county does not petition to call an election on the levy of the tax but up to 1920, at the time these school dormitories were built there was but one way to raise funds to build these dormitories, and that was by donation, and unless the county levies a tax, pray how can it have an interest in it.

State and counties must have some law to divest its citizens out of their rights to their property and fruits of their labor, and this law does not provide the power.  It is not a public building until the state and county accepts the donation from the people and confers to every requirement· of the law.   There is no legal action to force the board of supervisors of the county to help the building of these houses and if they desired to do so, they would have to get the consent of the majority of the citizens, or their power would fail, and the state has no power to say that they can take these donations and not perform their duty to the cause and the citizens who donate it, it is sheer nonsense and injustice.

Public buildings are buildings that are to be used by statutory requirement in the different functions of the government, these are the buildings that are meant in *Gillen et al.,* 59 Miss. 198.   They are constructed by law, and not by donation, and in the case of the *Miss Cent. Co.* v. *Luderbach et al.,* 86 So. p. 517, are state institutions built and

run by the state, and is not these built like charity hospitals, and other buildings run by donation.

Now equity and justice is couched in the law that protects these *quasi* corporations, such as such school provisions and their acts are not questioned, unless there is a violation of law and right, and the courts decided these questions for the common good of the ones that are to be benefited by the act, and regulate the case for the justice of the general public. And usage is taken to mean what is law, if permitted to go unchanged at the time of its adoption.

The full jurisdiction given by the law to the trustees of the Agricultural High School is to do everything necessary for the successful management of the schools, gives these trustees the right to make contracts, and if they make contracts, then these contracts must be enforced, and the power under this statute gives them the power to sue and be sued.

This is a technical objection to this law, and the spirit is being smothered to catch at a technical twist of the latter of the law.

Appellees think that the judgment ought to be affirmed, and respectfully submit this their brief in the case.

*O. A. Luckett,* for appellees.

We admit that if these buildings belong to the state or the county, that they would not be liable or subject to a claim of the mechanic's lien, as announced in the Gillon case above, but we insist that they do not belong to the state or county, as the state or county have done nothing to acquire title to them and under the law, the title is in the trustees and not in the state or county or any of its subdivisions or agencies, as was held in the case of *Mississippi, Centennial Exposition Company* v. *Luderbach,* 123 Miss. page 828. The question in the last case turned on the fact, that the suit was brought to recover damages for the breach of a contract and the court held that an exposition

company which was an agency of the state could not be sued in such kind of action, so that that case is no authority here. In fact this is the first time that this point has been before the court for a decision, as that question was expressly pretermitted and not passed on in the case of *Thompson & Company* v. *Agricultural High School of Lamar County, Miss.*, 117 Mississippi Rep., page 631. Levy ———

Some courts hold that a school house is subject to the lien of a mechanic and some hold that it is not. This state has never passed upon the question. These are not exactly school houses, that were built by the appellees, but they were dormitories needed for boarding students who attend the school. Those courts holding that a lien exists are as follows. *Board of Education* v. *Greenbaum*, 39 Ill. 609.

A normal school erected for the purpose of training teachers, for public schools, even though it receives aid from the state is subject to the mechanic's lien. *Wilson* v. *The School District Number* 2, 17 Kan. 104; *School District Number* 2 v. *Conrad*, 17 Kan. 522. The buildings in this case are not strictly school buildings, in the sense that a mechanic's lien would not attach to them. They may become such, should the board of supervisors in their discretion, pay off the debt against them, but until this takes place, they are subject to the lien for erection.

If the trustees accept the buildings and use them they are liable at least, to the extent of subjecting the buildings to the debt of the appellees and a lien may be fixed upon them to secure the payment of the debt. 21 A. and E. Law (1 Ed.) 811.

The law under which these buildings were erected is crude and does not require any plans and specifications to be filed, but on failure to do this, the state board of education may refuse any aid. Hemingway's Code section 3425. Under section 3432 and the laws of 1912 chapter 150, the board of supervisors may issue bonds to aid in the building of agricultural schools, whenever, by resolution,

they determine to accept the terms of the law relative to the locating and establishing of Agricultural High Schools.

There is nothing in the declaration showing that the board ever passed this resolution and without this they cannot aid in the building of these schools.

The appellants are not in position to complain of the judgment rendered, condemning one acre of land upon which the buildings are situated, as the court in rendering its judgment restricted the lien to one acre of land upon which the buildings stood, which was the point contended for by appellants in their demurrer, so that they have no just ground of exception, to the action of the court in overruling their demurrer, beside, if any part of the declaration was good, a general demurrer will be overruled, though some of the grounds stated therein may be good. *The Board of Education* v. *Railroad,* 71 Mississippi —; *Curry* v. *Dorrity,* 73 Mississippi, 405; *Washington* v. *Soria,* 73 Miss. 665.

These buildings are not a state or county institution as neither state or county is authorized to let them, have them built by contract, or otherwise, but an implied power rests with the trustees to have them built, for without these buildings, the school could not progress.

We plant ourselves squarely upon section 2060 of the Mississippi Code of 1916, the trustees did have an interest in the land condemned by the court, and whether they had an interest or not they could be condemned, we earnestly insist that the buildings themselves, were liable to this lien.

It is plainly stated in our amended declaration that the board of supervisors of Attala county, declined in their discretion to pay our claim and by doing this they are not subject to any action at all. Laws of 1920, chapter 159.

The trustees in this case are estopped by their acts and conduct from claiming that the contract is void, because two of them did not participate. They had ratified the acts of their co-trustees by acknowledging the justice of the claim and by using the dormitories as charged by appellees

in their declaration.   If there was any element of irregu-
larity in the first meeting and the letting of the contract,
it has been cured by the subsequent ratification of all of
the present trustees, of whom participated in the making
of the contract.   It would be wholly unjust and unequi-
table to allow these trustees to hold these buildings, without
paying for them or the balance now due.

If our judgment is affirmed there will be no danger of
the buildings being sold under the judgment, for the board
of supervisors will then make a levy of three-fourths of a
mill to pay off the debt, which they have a right to do,.
under the law of 1920, referred to above.

We respectfully submit the case and ask that the judg-
ment be affirmed.

Holden, J., delivered the opinion of the court.

This is a suit at law to recover against the trustees of
an agricultural high school and enforce a mechanic's and
materialman's lien against the agricultural high school
buildings for their construction and repair.

From the amended declaration of the appellees it ap-
pears that the school authorities of Attala county estab-
lished an agricultural high school and a parcel of land was
acquired in the name of the trustees of the school.   A dormi-
tory, which, for convenience, may be styled "dormitory No.
1," was erected and completed with the exception of the
top story.   This building was paid for from funds, donated
in consideration of the location. of the school.

Thereafter, in the year 1919, the trustees of the school
contracted with the appellees to furnish the top story of
dormitory No. 1, and to erect an additional dormitory
which may be called dormitory No. 2.

Thereupon appellees completed the work on dormitory
No. 1 and erected and completed dormitory No. 2, furnish-
ing both labor and materials necessary to accomplish this.

The county having declined to pay for the work and ma-
terials, the appellees have sued the trustees of the school

for the alleged value of the work done and materials furnished, and for the enforcement of the mechanic's lien on the buildings, to satisfy their claim.

The circuit court adjudged the validity of the claim and the liability of the buildings to sale in satisfaction of the mechanic's lien, from which judgment this appeal is taken.

The appellants demurred to the amended declaration, assigning many causes of demurrer, among which was one to the effect that the property sought to be subjected to the lien is county property and that it is not subject to a mechanic's lien.

The demurrer was overruled, and we do not deem it necessary to go further than to consider this one cause of demurrer.

An agricultural high school, under the laws of the state of Mississippi, is a county institution, and such property as may be required for its proper operation is provided by county or is donated and belongs to the county. A dormitory is required before the state contributes to the support of the school, and it is a part of the school property.

In the instant case the title to the property was taken in the name of the trustees of the school, which was in effect, for all practical purposes, a conveyance to the county.

Dormitory No. 1 was erected and paid for and was county property. The trustees deemed it necessary to make certain additions to the top floor, and to provide an additional dormitory. Under the laws prior to the year 1920, the board of supervisors was authorized to make a tax levy for the support and maintenance of the school, and had the power to provide funds by means of a bond issue for the erection of buildings and the equipment thereof.

It does not appear in the record that the board of supervisors had provided funds for the completion of dormitory No. 1 or the erection of dormitory No. 2. The trustees and the contractors were presumed to know the law which governs in the matter.

Without giving consideration to whether or not the trustees of such a school may be sued generally, as such, to obtain a money judgment, it is sufficient to say that no fund had been created from which to pay the appellees' demand, and these buildings, being the property of the county, are not subject to sale to satisfy the claim of a mechanic or materialman.  18 R. C. L. pp. 881, 882, and *United States Fidelity & Guaranty Co.* v. *Marathon Lumber Co.,* 119 Miss. 802, 81 South. 492; *Panola County* v. *Gillen,* 59 Miss. 198.

The board of supervisors possessed the sole authority to provide funds for the purpose of making these improvements, and not having done so, the contractors were presumed to know that the trustees were attempting to make a contract for work for the payment for which there was no available fund, and therefore there can be no judgment against the trustees in their official capacity.  See *Thompson* v. *Agricultural High School,* 117 Miss. 621, 78 So. 547.

The legislature of 1920, by chapter 159, acts of that year, gave the boards of supervisors authority in their discretion to levy a tax for the building, repairs, and equipment of agricultural high schools, as well as the purchase of suitable lands or buildings, or both, or for the payment of debts theretofore created for any of said purposes.

We do not consider at this time the sufficiency of the organization of the board of trustees or the validity of the contract made by them to justify the board of supervisors in its discretion to make a levy under the act of 1920 for the payment of appellees' demand, because no such levy has been made, and such questions are not before this court.

It appears that the county accepted the work done and is using both dormitories for county purposes, and that the county authorities may be without authority to make a levy for the purpose of paying the claim, and that the law will not subject the buildings to the payment of the claim.

From the record it seems to be the wish of the authorities to pay for the improvements being enjoyed by the county

if authority exists or can be obtained to justify such a course. In such situation the most certain and speedy relief can be found in the legislature.

The judgment is reversed, and the cause dismissed, without prejudice to any right that may accrue under chapter 159, Laws of 1920.

*Reversed and dismissed.*